Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John F. Grady | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 152 | **DATE** | December 22, 2001 |
| **CASE TITLE** | Geneva International Corp v. Pilsner Urquell and Radegast | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ ENTER MEMORANDUM OPINION. [Other docket entry] Defendants' motion to dismiss Counts I and II of the amended complaint [9-1,13-1] is denied. The case is stayed pending arbitration. The parties are directed to initiate arbitration proceedings in the County Commercial Court in Ostrava, the Czech Republic, pursuant to paragraph IX of the 1997 Agreement. A status conference is set for March 28, 2001 at 9:30 a.m.

(11) [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| X | Notices MAILED by judge's staff. | | DEC 2 0 2000 | |
| | Notified counsel by telephone. | | date docketed | 21 |
| | Docketing to mail notices. | | IS | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to _____ | FILED FOR DOCKETING 00 DEC 22 PM 4: 20 | date mailed notice | |
| KAM courtroom deputy's initials | | Date/time received in central Clerk's Office | KAM mailing deputy initials | |
| | | (Reserved for use by the Court) | | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| GENEVA INTERNATIONAL CORPORATION an Illinois corporation<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>PILSNER URQUELL, a.s., a Czech business entity, and RADEGAST, a.s., a Czech business entity<br><br>　　　　　　　Defendants. | No. 00 C 0152   DEC 2 6 2000 |

## MEMORANDUM OPINION

Before the court is defendants' motion to dismiss the amended complaint pursuant to Fed. R. Civ. Proc. 12(b)(6) and to compel arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq*. For the reasons explained in this opinion, the motion is granted in part and denied in part.

## BACKGROUND

For the purposes of this motion, the court accepts plaintiff's well-pleaded allegations as true. In July 1997, plaintiff, Geneva International Corporation ("Geneva"), an Illinois beer wholesaler,



entered into an agreement ("the 1997 Agreement") with defendant Radegast, a Czech brewer, whereby Geneva became the exclusive distributor of Kozel Beer in the United States. Some time thereafter, Radegast merged with another Czech brewer, defendant Pilsner Urquell ("Pilsner"). This suit arises out of defendants' purported termination of of the 1997 Agreement. Invoking diversity jurisdiction, plaintiff filed a three-count amended complaint, seeking damages for unlawful termination of its beer distributorship. Counts I and II assert claims against both defendants under the Illinois Beer Industry Fair Dealing Act ("BIFDA"), and the common law theory of promissory estoppel, respectively. Count III, which is directed against Radegast alone, contains a claim for breach of warranty under the Illinois Commercial Code, 810 ILCS 5/2-314 & 315.

Before the court is defendants' motion to dismiss the amended complaint on two separate grounds: (1) that, by virtue of a clause in the 1997 Agreement, plaintiff is required to arbitrate this dispute in the Count Commercial Court in Ostrava, the Czech Republic; (2) that Pilsner was not a party to the 1997 Agreement and therefore is not a properly named defendant.

## DISCUSSION

### I. Arbitration

Paragraph IX of the 1997 Agreement provides for arbitration in the following terms:

> The relationship established by this Agreement and the legal consequences following therefrom, including questions relating to the essential validity of this Agreement, and the effects of its validity shall be governed by Czech Law. Any dispute regarding this relationship which cannot be resolved by conciliation, shall be referred to County Commercial Court in Ostrava. The [sic] both parties undertake to give effect to the arbitral award as if it were a court decision.

Def. Mem. at Ex.A. Defendants argue that the language of this contractual clause is binding. They also note that the FAA, which governs the interpretation, validity and enforcement of arbitration clauses in both state and federal courts, creates a presumption in favor of arbitration, especially in international commercial agreements. Jain v. Mere, 51 F.3d 686, 688-89 (7th Cir. 1995) (citing Mitsubishi Motors corp. v. Soler, 473 U.S. 614, 638-40 (1974)). The Act provides that a

> written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. The arbitration clause contained in the 1997 Agreement is governed by the FAA because the transaction at issue involved interstate commerce: defendants, Czech brewers, sold beer to plaintiff, an Illinois wholesaler, for distribution throughout the United States. See Allied-Bruce Terminix Companies, Inc. v. Dobson, 513 U.S. 265, 273-77 (1995). Sections 3 and 4 of the FAA require the court to stay the proceedings when there is a valid arbitration clause and to direct the parties to proceed to arbitration. Halmos v. Steiner, 1998 WL 560286, *2 (N.D. Ill., Aug. 25, 1998).[1]

However, plaintiff contends that arbitration is not required for two reasons: (1) the arbitration clause in the 1997 Agreement is void and ineffective as against Illinois public policy; and (2) the amended complaint states claims that go beyond the scope of the clause.

Plaintiff contends that the arbitration clause in the 1997 Agreement must yield to Illinois' public policy interest in having

---

[1] Before compelling arbitration, the court must resolve whether the parties entered into a valid and enforceable agreement to arbitrate. Herwig v. Hahnaman-Albrecht, Inc., 1997 WL 72079, *2 (N.D. Ill., Feb. 13, 1997). Plaintiff does not dispute that it executed the 1997 agreement with Radegast, and we find that the text of the arbitration clause is sufficiently clear and unambiguous as a matter of law. Therefore, we hold that the parties have entered into a valid and enforceable agreement to arbitrate.

alleged violations of the BIFDA resolved by courts sitting in Illinois. Section 9(6) of the BIFDA provides:

> With respect to any dispute arising under this Act or out of the relationship between brewer and wholesaler, the wholesaler and the brewer each has the absolute right before it has agreed to arbitrate a particular dispute to refuse to arbitrate that particular dispute. Arbitration shall be conducted in accordance with the Commercial Arbitration Rules of the American Arbitration Association and the laws of this State, and judgment upon the award rendered by the arbitrator may be entered in any court having jurisdiction. A brewer may not, as a condition of entering into or renewing an agreement, require the wholesaler to agree to arbitration instead of judicial remedies.

815 ILCS 720/9(6). Plaintiff reads this provision to mean that an arbitration clause between a brewer and a wholesaler is enforceable only in the event that both parties subsequently agree to arbitrate the particular dispute. We disagree with this interpretation, because it does not give effect to the language of the subsection which recognizes that general arbitration clauses can be appropriate if they are voluntary on the part of the distributor. As we read it, subsection 6 allows a party to refuse to arbitrate a particular dispute unless he has previously agreed to arbitrate that dispute. The prior agreement could relate to the specific dispute or could take the form of an arbitration clause that covers the dispute. Such a general arbitration clause is permissible, so

long as it is not imposed by the brewer as a condition of entering into or renewing a distributorship agreement.[2]

Even if the Illinois legislature had intended a blanket abolition of arbitration clauses in distributorship contracts, this public policy interest would have to bow to the national policy interest in the promotion of arbitration and the enforcement of arbitration clauses. Section 2 of the FAA provides that written arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. In Doctor's Assoc., Inc. v. Casarotto, 517 U.S. 681, 687 (1996), the Supreme Court held that "[c]ourts may not . . . invalidate arbitration agreements under state laws applicable only to arbitration provisions." The Court went on to state: "The 'goals and policies' of the FAA, this Court's precedent indicates, are antithetical to threshold limitations placed specifically and solely on arbitration provisions." Id. at 688. See also, Midway Home Entertainment, Inc. v. Atwood Richards, Inc., 1998 WL 774123,

---

[2] Prior to the amendment of the BIFDA in 1991, section 9(6) contained language recognizing the validity of arbitration clauses. We do not agree with plaintiff's suggestion that the deletion of such language necessarily implies an intention on the part of the legislature to override such clauses. Had the legislature desired that result, it could easily have made it explicit. Instead, it specified only one circumstance in which general arbitration clauses are impermissible.

at *2 (N.D. Ill., Oct. 29, 1988) (recognizing, in the choice of law context, that public policy considerations must be "strong and of a fundamental nature" to justify overriding the chosen law of the parties.) For this further reason, we reject Geneva's argument that the arbitration clause in the 1997 Agreement is void and ineffective as against Illinois public policy.

Plaintiff next contends that the Count II promissory estoppel claim does not come within the scope of the arbitration clause in the 1997 Agreement. The clause governs "any dispute regarding [the] relationship [established by this Agreement]." The language is unusual in that the word "relationship" is not commonly found in arbitration clauses in the United States, but its meaning is unambiguous because the only relationship that could be contemplated is the contractual one. There is simply no other relationship between the parties.

Recalling the Supreme Court's instruction that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," Moses H. Cone Memorial Hosp. v. Mercury Construction Corp., 460 U.S. 1, 24-25 (1983), the Seventh Circuit has held that arbitration clauses with the terms "arising out of" or "relating to" should be broadly interpreted to cover all

- 8 -

disputes having their genesis in the contract. <u>Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l Ltd.</u>, 1 F.3d 639, 642 (7th Cir. 1993). Arbitration clauses couched in similar terms have been interpreted to govern all contract and tort claims that flow from the contractual relationship. <u>See, e.g.</u>, <u>Joint-Ukrainian-Spanish Venture INUS v. United Industries Int;l, Inc.</u>, 1994 WL 571661, at *2 (N.D. Ill., Oct. 14, 1994); <u>High Strength Steel, Inc. v. Svenskt Stal Aktiebolog</u>, 1985 WL 2546, at *2-3 (N.D. Ill., Sept. 16, 1985). We believe that the term "regarding" has a similarly broad import in the present context. Thus, we hold that the language of the clause in the 1997 Agreement is sufficiently broad to cover all claims flowing from the contract, including plaintiff's quasi-contractual claim of promissory estoppel.

Accordingly, we find that paragraph IX of the 1997 Agreement governs this dispute and that, pursuant to the clause, the matter should be arbitrated. However, instead of the dismissal defendants have requested, we will stay the proceedings pending arbitration.[3]

---

[3] We grant a stay, rather than dismiss the action, because Section 3 of the Federal Arbitration Act provides:
> [i]f any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such agreement, shall on application of one of the parties <u>stay</u> the trial of the action until such arbitration has been had in accordance with

## II. **Pilsner as Defendant**

Defendants move to dismiss Counts I and II against Pilsner on the ground that it is not a properly named defendant. Specifically, defendants suggest that since Pilsner was not a party to the 1997 Agreement, there is no genuine controversy between plaintiff Geneva and Pilsner.

Plaintiff contends that when Pilsner merged with Radegast, sometime after the conclusion of the 1997 Agreement, Pilsner became a "successor brewer" for purposes of the BIFDA. 815 ILCS 720/1.1(6). In its amended complaint, plaintiff alleges the following: that Pilsner has a majority ownership interest in, and exercises sole control over, Radegast; that Pilsner manages Radegast's export business; and that Pilsner and Radegast share common management and have interlocking directors. Taking these statements as true, as we must for the purposes of the instant motion, plaintiff has alleged sufficient facts to require Pilsner to defend this suit. Accordingly, defendants' motion to dismiss Counts I and II as against Pilsner is denied.

---

the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration. 9 U.S.C. S 3 (emphasis added).

## CONCLUSION

Defendants' motion to dismiss Counts I and II of the amended complaint is denied. The case is stayed pending arbitration. The parties are directed to initiate arbitration proceedings in the County Commercial Court in Ostrava, the Czech Republic, pursuant to paragraph IX of the 1997 Agreement. A status conference is set for March 28, 2001 at 9:30 a.m.

DATE: December 22, 2001

ENTER: _____
John F. Grady, United States District Judge